## Silas Root, administrator, *vs.* Phebe A. Geiger.

One who takes a promissory note prior to the death of its owner and holds it afterwards as an executrix in her own wrong, and neglects to collect it, until the maker becomes insolvent, is liable to the lawful administrator for the whole amount of the note, if it was good and collectable at the time of the owner's death.

An executrix in her own wrong took and held for more than three years from the owner's death a promissory note, dated nearly four years before such death, for fifty dollars, payable on demand, with interest, and secured by a mortgage of personal property recorded, but which it did not appear that any effort had ever been made to collect, or that it was of any value except what may be inferred from two indorsements thereon of payments accepted in wood by the holder about two and three years respectively from its date, one of two dollars and fifty cents and the other of three dollars. In a suit in equity brought by the lawful administrator, *Held,* that his only right against her as to this note was to have it delivered to him.

Bill in equity setting forth that Lydia L. Loomis of West-field died October 3, 1863, leaving a will in which she named the respondent executrix; that this will was proved and allowed March 15, 1864, and the complainant was appointed administrator with the will annexed; that debts are due from the deceased and no assets have come into the administrator's hands; that at the decease of the testatrix there were due to her certain promissory notes and she owned various articles of furniture and clothing, which were enumerated in the bill; that she was enfeebled in body and mind for a long time before her death, and that shortly before it the respondent, combining with her to defraud her creditors, obtained from her a transfer of the notes and a pretended sale of the other property, without a valuable consideration; that the complainant has demanded from the respondent the notes and other property and she refuses to deliver them or their proceeds, and detains and secretes them so that they cannot be replevied; that she has collected divers sums of money on the notes; and that said transfer and sale are fraudulent and void as to the creditors of the deceased. The prayer of the bill was for general relief.

At the hearing in this court, at September term 1866, the allegations of the bill being proved, it was adjudged and decreed by *Chapman,* J., that the respondent holds the enumerated

property in trust for the complainant, and the case was committed to a master to ascertain and report, among other things, what notes remained in the hands of the respondent unpaid, and what amounts she had received on any of the notes. By the master's report it appeared that at the time of the hearing before him in February 1867, the respondent held possession of a note of Ezra Blakeslee and of a note of Chadwick & Sons, derived from the complainant's testator in the manner described; that the note of Chadwick & Sons, dated August 7, 1862, for one hundred dollars, was payable on demand with interest, and interest had been paid thereon to August 7, 1863; that Chadwick & Sons went into insolvency in the autumn of 1864, the first meeting of their creditors being held November 7, 1864; that their credit was good until two weeks before the commencement of the proceedings in insolvency, and that the respondent had received dividends in insolvency upon their note to the amount of twenty-eight dollars and sixty-seven cents; that the note of Ezra Blakeslee, dated December 2, 1859, for fifty dollars, was payable on demand with interest and was secured by a mortgage of personal property, recorded, but it did not appear that any effort had been made to collect it, or that it was of any value except what may be inferred from the fact that it was so secured and that it was indorsed with two payments, one of two dollars and fifty cents on January 2, 1862, and the other of three dollars on February 14, 1863, both paid in wood.

At the further hearing of this suit, at April term 1867, before the chief justice, on the master's report, for the purpose of entering a final decree, the question whether the respondent ought to be charged with the amount due on both or either of these notes was reserved for determination by the full court.

*W. G. Bates*, (*M. B. Whitney* with him,) for the complainant.

*H. B. Stevens*, for the respondent, cited *Butler* v. *Hildreth*, 5 Met. 50.

CHAPMAN, J. The defendant is liable as executrix in her own wrong, and the extent of her liability is prescribed in Gen. Sts. *c.* 94, §§ 14, 15. Both the notes belonged to the estate of Lydia L. Loomis, deceased, so far as creditors were concerned. When

they came into the hands of the defendant, and a.so at the decease of Lydia L. Loomis, the note of Chadwick & Sons was good and collectable. But the defendant assumed the ownership and control of it, and neglected to collect it till they became insolvent. She ought to account to the plaintiff not only for the dividends she has received from their assignee, but for the balance which she might have collected before the insolvency. But there is no evidence as to the ability of Blakeslee to pay the balance due on his note, and the only right of the plaintiff is to have it delivered to him. *Decree accordingly.*